**SO ORDERED.**

**SIGNED June 25, 2009.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IN RE:                                                                    CASE NO. 09-50832

XTREME INDUSTRIES, LLC                                  CHAPTER 11
    Debtor
_____

**FINDINGS OF FACT FOR AUTHORITY TO INCUR SECURED DEBT IN THE FORM OF CONTINUATION OF DEBTOR'S SALE OF ACCOUNTS RECEIVABLE TO GULF COAST BANK & TRUST CO., TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 USC SECTIONS 363 AND 364**

The Court has reviewed the Emergency Motion for Authority to Incur Secured Debt in the Form of Continuation of Debtor's Sale of Accounts Receivable to Gulf Coast Bank & Trust Company, To (1) Incur Secured Debt Under New Factoring Agreement, (2) Use Cash Collateral and (3) Provide Adequate Protection Pursuant to 11 USC sections 363 and 364 (the "Motion") filed by Xtreme Industries, LLC, as debtor and debtor-in-possession (collectively, the "Debtor"), seeking, inter alia, pursuant to Sections 105, 361, 364(c)(2) and (d) and 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the following:

    (a)    use of the Cash Collateral on the terms provided herein; and

(b) granting of adequate protection to the Lender to the extent provided herein.

In connection with this request, the Court finds the following:

(a) Debtor is unable to obtain unsecured credit allowable under Bankruptcy Code Section 503(b)(1) as an administrative expense. New financing facilities are unavailable to Debtor without Debtor and/or this Court granting to Gulf Coast a priority administrative expense, and security for such obligations through the assignment to Gulf Coast pursuant to the New Factoring Agreement of the Cash Collateral Receivables and the granting of a continuing security interest and lien (which assignment and lien shall be a senior, first priority assignment of and security interest and lien) in all of the Cash Collateral Receivables in accordance with the New Factoring Agreement (such financing, the "Financing") and pursuant to Bankruptcy Code Section 364 (c).

(b) The entry of this Order (a) will minimize the disruption to Debtor's businesses that would otherwise result from the filing of the petition commencing Debtor's Chapter 11 case (the "Chapter 11 Case") and will enhance the likelihood that Debtor will maintain its loyal customer base and maintain market positions, (b) increase the likelihood that Debtor will be reorganized pursuant to the Bankruptcy Code, (c) is in the best interests of Debtor, its creditors, and their estates, and (d) is necessary to preserve the assets, businesses, goodwill, and reputations of Debtor.

(c) The Financing and New Factoring Agreement have been negotiated in good faith and at arms-length between Debtor and Gulf Coast and any credit or funds extended or paid to Debtor by Gulf Coast pursuant to the Agreement shall be deemed to have been extended in good faith, as that term is used in Bankruptcy Code Section 364(e).

(d) This Court finds that Gulf Coast is not willing to provide the Financing unless Gulf Coast has an assignment of and a first priority security interest in and lien on the Cash Collateral Receivables as security for the amounts owed under the New Factoring Agreement, and receives confirmation that its assignment and security interest in the Pre-Petition Non-Factored Receivables is a first priority security interest as security for the obligations under the Existing Factoring Agreement.

###

This Order was prepared and is being submitted by:
Weinstein & St. Germain, LLC
By: Tom St. Germain
Attorney for: Debtors
Bar No.: 24887
Mailing Address: 1414 NE Evangeline Thrwy., Lafayette, LA 70501
Telephone No.: (337) 235-4001